UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| ENAS N A SAID | ) | |
|    d/b/a SCF MARKET | ) | |
|    d/b/a STEAK CITY FISH AND CHICKEN | ) | |
|    d/b/a MINI FOOD MARKET, | ) | |
| | ) | |
|          Plaintiff, | ) | |
| | ) | |
|          v. | ) | No. 1:21-cv-01385-RLY-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|          Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

**I.     Introduction**

This cause is before the Court on Defendant's motion to compel discovery.  [Filing No. 60.]  In February 2022, Defendant served its first set of discovery requests on Plaintiff.  [Filing No. 61.]  However, despite numerous inquiries from Defendant, Plaintiff neither responded by the applicable deadlines nor asked for more time to respond.  [Filing No. 61.]  In fact, despite multiple opportunities, promises to comply, and warnings from the Court, a majority of Defendant's discovery requests remain unanswered.

Thus, Defendant seeks an order compelling Plaintiff to supplement and sign her responses to Defendant's first set of interrogatories and produce all documents responsive to Defendant's first requests for production of documents.  [Filing No. 60.]  Based on Plaintiff's failure to comply with her discovery obligations on multiple occasions, Defendant's motion to compel discovery is granted.

## II.     Background

Plaintiff owns three stores authorized to participate in the Supplemental Nutrition

Assistance Program ("SNAP").  [Filing No. 61.]  In June and July 2021, each store applied for

SNAP reauthorization, which required Plaintiff to provide affidavits responding to questions,

including whether any owners, managers, or employees of each store were previously

disqualified from SNAP and whether any owner was related by marriage to an owner or manager

that is, or has been, disqualified from SNAP.  [Filing No. 61.]  In each affidavit, Plaintiff

responded "no" to all questions.  [Filing No. 61.]  However, Plaintiff's responses were

contradicted by the disqualification of her husband from SNAP in 2006.  [Filing No. 61.]

Therefore, Plaintiff was charged with knowingly submitting reauthorization applications that

contained false information on a substantive issue and ultimately permanently disqualified from

SNAP.  [Filing No. 61.]  Plaintiff brought this action to challenge her SNAP disqualification.

On February 22, 2022, Defendant served Plaintiff via mail with its Rule 26(a) initial

disclosures as well as its first set of interrogatories, first requests for admissions, and first

requests for production of documents.  [Filing No. 61]  Plaintiff's responses were due on March

28, 2022.  [Filing No. 61.]  However, Plaintiff and her counsel, Henry L. Klein, failed to serve

Defendant's discovery responses or request an extension by the March 28 deadline.  [Filing No.

61.]  Instead, on April 1, 2022, Klein emailed Defendant stating, "[w]e had a tornado which

destroyed some electronic records. Please give me a good time to catch you up."  [Filing No. 61-

1, at ECF p. 2.]  Defendant responded with availability but did not receive a call back.  [Filing

No. 61.]

A week passed with no responses regarding Defendant's discovery requests.  [Filing No.

61.]  On April 11, 2022, the day before a Court-ordered status conference, Plaintiff moved for a

stay of the scheduling order.  [Filing No. 61.]  Defendant opposed the stay and informed the

Court that Plaintiff had not responded to discovery requests. The Court ordered Plaintiff to serve her overdue discovery responses by April 29, 2022. [Filing No. 61.] The Court added that "[f]ailure to do so may result in sanctions." [Filing No. 36.]

On April 29, 2022, at approximately 10:59 p.m. Eastern Time, Klein emailed Defendant Plaintiff's discovery responses. [Filing No. 60-1, at ECF p. 3.] However, the responses were wholly inadequate. Defendant sent Plaintiff a deficiency letter on May 16, 2022, requesting a meet and confer. [Filing No. 60-1, at ECF p. 3.] The meet and confer occurred on June 1, 2022. Klein acknowledged that he waived any discovery objections by failing to timely respond and agreed to a new discovery deadline of June 21, 2022. [Filing No. 60-1, at ECF p. 3.] Defendant sent Klein a letter documenting the agreement two days later. [Filing No. 60-1, at ECF p. 4.] Despite acknowledging receipt of the letter, Klein failed to produce any documents or supplemental responses by June 21, 2022. [Filing No. 60-1, at ECF p. 4.] On June 23, Defendant followed up regarding the missed discovery deadline and Klein responded, "I will be filing responses by tomorrow. I work 24/7 so it will be in your possession when you arrive on Monday." [Filing No. 60-1, at ECF p. 4.] This did not happen.

On June 26, 2022, Klein emailed Defendant a document containing Plaintiff's initial disclosures, but did not produce any new documentation or supplement Plaintiff's initial interrogatory responses. [Filing No. 60-1, at ECF p. 4.] Defendant subsequently requested a discovery conference with the Court. On July 12, 2022, the Court directed the parties to continue to confer on settlement and discovery issues in preparation for a settlement conference scheduled for July 20, 2022. [Filing No. 60-1, at ECF p. 4.] The July 20 conference did not result in a settlement. The Court instructed counsel that if the parties did not reach a settlement by August 3, 2022, Defendant had until August 10, 2022, to file a motion to compel regarding

any outstanding discovery disputes.  [Filing No. 60-1, at ECF p. 4.]  The parties did not reach a

resolution.  Accordingly, Defendant filed the motion to compel that now pends.  [Filing No. 53.]

## III.    Discussion

Federal Rule of Civil Procedure 37(a)(1) states, "[o]n notice to other parties and all

affected persons, a party may move for an order compelling disclosure or discovery."  Rule 37

also permits a party seeking discovery to move for an order compelling an answer or production

if a party fails to answer an interrogatory or fails to produce requested documents. Fed. R. Civ.

P. 37(a)(3)(B)(iii)-(iv).  Specifically, Rule 37 allows "litigants to compel a response to a

discovery request where none has been made, or where the response is so inadequate that it is

tantamount to no response at all." *Chalimoniuk v. Interstate Brands Corp.*, No. IP01-0788-C-

T/K, 2002 WL 1048826, at *1 (S.D. Ind. May 21, 2002) (citations omitted).  The Court has

broad discretion to compel discovery, and the burden is on the party resisting discovery to

demonstrate why its objections are proper given the broad construction of the federal discovery

rules. *Id.*

Defendant's motion to compel discovery is well taken and its first argument is

dispositive.  Defendant first notes that Plaintiff waived any objections by failing to timely

respond to discovery requests or assert any objections to those requests.  [Filing No. 61.]  It is

established that, "[f]ailure to timely assert objections to discovery requests may result in a waiver

of all objections that could have been seasonably asserted." *Autotech Tech. Ltd. P'ship v.*

*Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006).  Courts have also stated that,

"it is firmly established in this Circuit that a party who fails to timely respond to discovery

requests waives his objections thereto." *Peterson v. Farrakham*, No. 2:30CV319, 2005 WL

2465254, at *2 (N.D. Ind. Oct. 5, 2005).  In the present case, Plaintiff failed to timely respond to

4

discovery requests by the initial March 28 deadline, the Court-ordered April 29 deadline, and the self-imposed June 21 deadline.  [Filing No. 61.]  Defendant's argument is further strengthened by Klein's acknowledged waiver of any discovery objections during the June 1 meet and confer.  [Filing No. 60-1, at ECF p. 3.]  Klein's repeated failure to timely respond to discovery results in a waiver.

Defendant's motion to compel discovery also demonstrates that its discovery requests are relevant, proportional, and necessary to establish its defenses because the requests are aimed at gathering evidence regarding whether Plaintiff knew that her husband had been disqualified from SNAP.  [Filing No. 61.]  Additionally, Defendant highlights that Plaintiff's initial interrogatory responses are wholly deficient because they are both evasive and not signed by Plaintiff.  [Filing No. 61.]  Finally, Defendant establishes that Plaintiff did not conduct a reasonable search when responding to Defendant's requests for production of documents.  [Filing No 61.]  Taken as a whole, Defendant demonstrates that its case is prejudiced by a lack of compliance with discovery, and that the Court's discretion is properly exercised in granting Defendant's motion to compel discovery.

Nonetheless, Plaintiff attempts to outline several reasons why this Court should deny Defendant's motion to compel discovery.  For example, Plaintiff argues that a recently filed dispositive motion should relieve her of the obligation to provide sufficient discovery responses.  [Filing No. 62.]  However, filing an unrelated dispositive motion does not relieve Plaintiff of her obligations to provide sufficient discovery responses, supplement insufficient discovery responses, or comply with court orders regarding discovery.

Additionally, Plaintiff states that she has nothing to produce because every request can be fulfilled by her accountant or bankers.  [Filing No. 62.]  This argument is also unpersuasive.  The

existence of documents outside of Plaintiffs' physical possession does not relieve them of their obligation to produce them.  *See Equal Employment Opportunity Comm'n v. Heart of CarDon, LLC*, 339 F.R.D. 602, 606 (S.D. Ind. 2021).  In fact, as long as Plaintiff has the legal right to obtain the documents they are considered in her control or custody under Rule 34.  *See Meridian Labs., Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. 2019).  It is Plaintiff that must retrieve the appropriate documentation—not Defendant.  Therefore, because Plaintiff does not dispute her legal right to obtain the information and documents in possession of her accountant and banks, Plaintiff must retrieve documentation copies based on Defendant's requests.

Plaintiff and Klein evaded discovery requests despite warnings from the Court that failure to comply may result in sanctions.  [Filing No. 36.]  Based on this behavior, sanctions are appropriate.  Accordingly, Klein is hereby admonished.  In fact, the Court would have awarded attorney's fees based on the persistent behavior of Klein had Defendant requested them.[1]  If Plaintiff and Klein fail to further comply with Court-ordered discovery, the Court may require Plaintiff to retain local counsel.

---

[1] Defendant likely did not request attorney's fees because the United States does not collect fees on a per-hour basis.

**IV.    Conclusion**

Plaintiff and Klein failed to meet discovery deadlines and their discovery obligations on multiple occasions.  Despite multiple opportunities, promises to comply, and warnings from the Court, a majority of Defendant's discovery request remain unanswered.  Accordingly, the Court grants Defendant's motion to compel discovery.  [Filing No. 60.]  The Court orders Plaintiff to respond fully to Defendant's discovery requests by October 18, 2022, or face possible increased sanctions, including those outlined above.

Date: 10/4/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

7